IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                 24-CR-6045 EAW

KYLE PAUL EDWARD GIBSON,

          Defendant.

## PLEA AGREEMENT

The defendant, Kyle Paul Edward Gibson, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 1 of the Second Superseding Indictment which charges a violation of Title 18, United States Code, Section 1349 (conspiracy to commit mail fraud), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000 or twice the gross pecuniary gain or loss, whichever is greater, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for

time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit mail fraud; and

   b. The defendant knew the unlawful purpose of the plan and willfully joined it.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. The defendant owned Nationwide Chemicals LLC, which was located in Florida.

   b. On or about April 22, 2021, the defendant mailed or caused the mailing of a fictitious invoice in the amount of $588.69 from Florida to a victim company ("VC 5") in the Western District of New York. The fictitious invoice tricked and defrauded VC 5 into paying what appeared to VC 5 to be a legitimate invoice for cleaner/degreaser products that VC 5 had previously ordered and received from the defendant's company, Nationwide Chemical LL.

   c. Between in or about February 2021 and September 2021, approximately 1,145 victim companies were tricked and defrauded into paying

2

fictitious invoices which they received from Nationwide Chemicals LLC. The approximately 1,145 Victim Companies paid Nationwide Chemicals LLC a total of approximately $822,583.46. From this amount, $20,707.97 was ultimately not received by Nationwide Chemical due to stop payments placed on 14 checks and refunds paid by Nationwide Chemicals to 12 Victim Companies. This resulted in a loss to the Victim Companies of $801,875.49.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2B1.1 applies to the offense of conviction and provides for a base offense level of 7.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristics do apply:

   a. § 2B1.1(b)(1)(L): the total loss (including relevant conduct) was more than $25,000,000 (which includes actual and intended loss) and thus there is a 22-offense level increase.

   b. the 2-level increase pursuant to Guidelines § 2B1.1(b)(A) (offense (i) involved 10 or more victims; and (ii) was committed through mass-marketing).

   c. the 2-level increase pursuant to Guidelines § 2B1.1(b)(10)(C) (offense involved sophisticated means).

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

8.  The government and the defendant agree that the following adjustment to the base offense level does apply:

   a.  The 4-level decrease of Guidelines § 3B1.2 (the defendant was a minimal participant in the criminal activity).

## ADJUSTED OFFENSE LEVEL

9.  Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 29.

## ACCEPTANCE OF RESPONSIBILITY

10.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 26.

## CRIMINAL HISTORY CATEGORY

11.  It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

12. Furthermore, it is the understanding of the government and the defendant that the defendant meets the criteria for the two-level downward adjustment of Guidelines §4C1.1(a) (Adjustment for Certain Zero Point Offenders). The application of this adjustment results in a total offense level of 24.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

13. It is the understanding of the government and the defendant that with a total offense level of 24 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 51 to 63 months, a fine of $20,000 to $200,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

14. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

15. The defendant specifically reserves the right to argue for a downward departure/adjustment of eight offense levels under Sentencing Guidelines §2B.1.1, Application Note 21(C) on the ground that the offense level determined under the Sentencing

5

Guidelines substantially overstates seriousness of the defendant's conduct in the offense. The government agrees not to oppose this motion. If the Court grants the downward departure motion of eight (8) levels, then the defendant's sentencing range would be a term of imprisonment of 21 to 27 months.

16. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV.   STATUTE OF LIMITATIONS

17. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V.   REMOVAL

18. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

19. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of [restitution and/or] a fine and the method of payment;

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

   e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant, except as specifically set forth in this agreement.

## VII. RESTITUTION AND FINANCIAL PENALTY PROVISIONS

20. The defendant understands, and the parties agree, that the offense of conviction is an offense listed under 18 U.S.C. § 3663A(c)(1), and therefore the Court must require restitution in the amount of $801,875.49 to be paid to the Victim Companies as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

21. The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

22. The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate

enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

23. Under the TOP program, the Department of the Treasury will reduce or withhold any of the defendant's eligible Federal payments by the amount of the defendant's debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code. The government hereby provides the defendant with notice that 60 days after sentencing, unless the monetary judgment(s) ordered by the Court is paid in full immediately after sentencing, the government will refer the outstanding monetary judgment to TOP for the offset of any pending federal payments, and the defendant agrees not to object or contest any such action by the government and waives any further notice.

24. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment. Further, the defendant agrees not to challenge or dispute any efforts by the government to enforce collection of any monetary penalties ordered by the Court.

25. The defendant understands and agrees that under Title 18, United States Code, Section 3664(m), the government may use all available and reasonable means to collect restitution, and pursuant to Title 18, United States Code, Section 3664(n), if the defendant is

ordered to pay restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, the defendant shall be required to apply the value of such resources to any restitution or fine still owed without objection.

26. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

27. To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

28. The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines §3E1.1.

## VIII.   APPEAL RIGHTS

29. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence

imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13 above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence. The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section VII of this agreement.

30. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

31. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX. ABANDONMENT

32. The defendant agrees to voluntarily abandon the following phone, laptop computer, printer, and desktop computers seized during the criminal investigation associated with this matter and waives any and all rights or interest which the defendant may still possess in said property or for which the defendant may have any claim. The defendant specifically agrees to voluntarily abandonment of the following phone, laptop, printer, and desktop computers seized on November 16, 2021:

From 150 E. Palmetto Park Road, Suite 800, Boca Raton Florida:

  a. One (1) iPhone 13 Pro Max, model #D64AP, bearing serial number W2TK6R1H7G;

  b. One (1) silver MacBook laptop, bearing serial number FVHFD34BQ05D; and

  c. One (1) printing machine, bearing the following serial numbers: 21GX1113 (base), 21FA1418 (stacker), and 21GZ1054 (tower).

From 900 N Federal Highway, Suite 410, Boca Raton Florida:

  a. Approximately eighteen (18) iMac All in One desktop computers;

  b. One (1) pink Apple laptop bearing serial number C02FT0XMQ72Y;

  c. One (1) MacBook Model A2337 bearing serial number C02FW89LQ6LC;

  d. One (1) MacBook A2337, bearing serial number FVFG7G8MQ6LC;

  e. One (1) FP Mailing Machine bearing serial number 4147421E; and

  f. One (1) FP Mailing Machine bearing serial number PA1352001203.

33. The defendant agrees to waive any time restrictions, requirement, or any other applicable federal law, with respect to the abandonment of this property. The defendant hereby knowingly and voluntarily waives any right, title and interest in the property and agrees not to contest the vesting of title in the government. The defendant further waives the provisions of 41 Code of Federal Regulations 128-48.102-1 and 41 Code of Federal Regulations 128-48.50 with respect to the abandonment of the phone, laptop computer, printer, and desktop computers and agrees to sign any and all documentation in order to assist the government in facilitating the abandonment of said property.

34. The defendant further understands that the government and any law enforcement agency acting on behalf of the government, to wit: the Federal Bureau of Investigation, may in its discretion, destroy the phone, laptop, printer, and desktop computers.

35. The defendant agrees that the phone, laptop computer, printer, and desktop computers are subject to abandonment and agrees to the waive all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the abandonment of said property.

### X.   TOTAL AGREEMENT AND AFFIRMATIONS

36. This plea agreement represents the total agreement between the defendant, Kyle Paul Edward Gibson, and the government. There are no promises made by anyone

other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

                              TRINI E. ROSS
                              United States Attorney
                              Western District of New York

BY:                    _____
                              RICHARD A. RESNICK
                              Assistant United States Attorney

                              Dated: December 19, 2024

I have read this agreement, which consists of pages numbered 1 through 14. I have had a full opportunity to discuss this agreement with my attorney, William J. Hughes, Jr., Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____       _____
KYLE PAUL GIBSON                          WILLIAM J. HUGHES JR., ESQ.
Defendant                                       Attorney for the Defendant

Dated: December 17, 2024                   Dated: December 19, 2024